STATE v. TIDWELL.

No. 2574.    Decided March 17, 1914 (139 Pac. 863).

1. APPEAL AND ERROR—PRESENTATION AND RESERVATION IN LOWER COURT OF GROUNDS OF REVIEW—NECESSITY OF RULING AND EXCEPTIONS. In a prosecution for larceny, where the defendant merely demanded that the state produce a witness who was without the jurisdiction of the court, without asking for a continuance to produce him, or take his deposition, and without invoking a ruling of the court in any way, there was nothing to review on appeal.    (Page 249.)

:2. LARCENY—EVIDENCE—RELEVANCY. In a prosecution for the larceny of a cow, the court properly permitted the state to show by a butcher that shortly after the date of the larceny he purchased from defendant a slaughtered cow, since evidence, to be relevant, need not be sufficient in itself to establish a disputed point; but it is admissible if it by itself, or in connection with other evidence, renders probable or improbable a disputed point or fact in issue.    (Page 251.)

·3. APPEAL AND ERROR—PRESENTATION AND RESERVATION IN LOWER COURT OF GROUNDS OF REVIEW—NECESSITY OF RULING AND EXCEPTION. In a prosecution for larceny of a cow, all the witnesses except the one testifying were excluded. The owner of the cow when first testifying stated that there was but one brand on the cow. Another witness for the state testified there were two brands. Counsel for the state called the owner's attention to this, and he was recalled and corrected his former statement. Counsel for defendant argued that it was improper for counsel for the state to tell the owner what the other witness had testified because in violation of the rule excluding witnesses. The court made no ruling, but merely ordered the

trial to proceed, nor did defendant invoke a ruling of any kind. *Held*, that there was nothing for review by the appellate court. (Page 251.)

APPEAL from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

T. P. Tidwell was convicted of larceny. He appeals.

AFFIRMED.

*T. L. Foote* and *Henry Adams,* for appellant.

*A. R. Barnes,* Attorney-General, and *E. V. Higgins* and *G. A. Iverson,* Assistant Attorneys-General, for the State.

STRAUP, J.

The defendant was convicted of larceny, stealing a cow. He appeals. He urges the evidence is insufficient to sustain the verdict, to connect him with the commission of the offense. Without setting forth even a substance of the evidence, let it suffice by saying that a review of the record shows ample evidence to support the verdict. We shall refer only to such portions of the evidence as will illustrate other assignments.

The cow was on the range. Circumstances are shown tending to show that the defendant drove her from the range, slaughtered her, and sold the beef to a butcher. The hide and head of the cow were found in a well about ninety feet deep some distance from the defendant's premises. Wagon tracks led from his premises to the well. He took the beef of a cow in a wagon to the butcher and sold it to him. Learning he was suspected of the larceny, he tried to induce the butcher to falsely say, if inquiry was made of him, that he had not purchased or received any beef from him. Failing in that, he tried to get another to falsely say that he had slaughtered a cow and gave the beef to the defendant to deliver to the butcher. Ostler, the owner, and one Hayworth, together with two others, found the hide and

head in the well. One of them was lowered to the bottom, and the hide and head brought to the surface, where they were identified as the hide and head of the subject of the larceny. The hide was produced at the trial and put in evidence. Ostler and two others testified as to the circumstances of finding it and drawing it from the well. They testified that Hayworth was let down, who brought the hide and head to the surface. Hayworth was not produced as a witness. Ostler, on cross-examination, testified that at the preliminary hearing he stated that he went down the well and brought up the head and hide. At the trial he testified that he did not personally go down, but that Hayworth, one of their party, did. Then counsel for the defendant demanded that Hayworth be produced as a witness. Counsel for the prosecution stated in open court, and his statement was not disputed nor questioned, that Hayworth was in a foreign country, beyond the jurisdiction of the court, and could not be produced. Counsel for defendant did not ask for a continuance to produce him, or take his deposition. They merely insisted that the state then and there produce him. Now they say they were harmed because Hayworth was not produced. This on the theory, as claimed by them, that it was material whether or not there was snow on the hide and head when found in the bottom of the well, and that no one but Hayworth had knowledge of that fact. There is nothing to this. The witness was beyond the jurisdiction of the court, and could not be produced by the state. Had he been within the jurisdiction and subject to process, still the state was not required to produce him. If he had knowledge of anything material to the cause, and had been subject to process, the defendant, as well as the state could have caused his attendance. If he was beyond the jurisdiction of the court, the defendant, but not the state could have taken his deposition. No effort was made by the defendant to procure his attendance, or to take his deposition. Counsel say they did not do that because they did not know, until they heard Ostler's testimony at the trial, that it was Hayworth, and not Ostler, who went down the well. Such matter was not even ground for a continuance

had the defendant asked for it. But he asked for nothing,. except that the state forthwith produce the witness, which. could not be done. Further than that he in no manner in-- voked any action or ruling of the court.

It is also claimed that evidence with respect to the defend- ant's sale and delivery of the beef to the butcher was im- properly received. This on the ground that it was not sufficiently identified as the beef of the cow in question. The only description of the beef was that of the butcher, who testified that it was the beef of a cow,. and testified as to its size and weight. Of course the fact that the defendant sold the beef of a cow to the butcher, and the description of it as testified to by him, did not by them- selves show that the beef so sold and delivered was the beef of the stolen cow, or that the defendant committed the lar- ceny. Still it was relevant and proper to show that the de- fendant had the beef of a cow in his possession and sold it about the time of the larceny—recently thereafter—and all the circumstances of such possession and sale. To be rele- vant and admissible, it is not essential that proffered evi- dence be by itself sufficient to establish a disputed point or fact in issue, nor is it required to be addressed with positive· directness to such point or fact. It is receivable if it by itself, or in connection with other evidence, renders probable or improbable, or logically tends to prove or disprove, a dis- puted point or fact in issue. We think this evidence had a direct relation between and connection with other facts shown, and that it, together with such other evidence, tended to show that the beef sold and delivered to the butcher was the beef of the stolen cow.

During the trial all witnesses except the one testifying were excluded from the courtroom and court proceedings. Ostler, the owner of the cow, when first on the stand testified that there was but one brand on the hide, de- scribed it, and stated that it was his brand. Another witness thereafter testified that there were two brands, one Ostler's as described by him, and another, which he also described. Ostler was then recalled and asked if he had made

a further examination of the hide, and if he had found more than one brand. He answered that he had, and testified to another similar to that testified to by the other witness, and stated that it was the brand of one of whom he had purchased the cow when a calf. On cross-examination he was asked who first called his attention to the fact that the hide had two brands. He answered that counsel for the prosecution, after he had first been on the stand. Counsel for defendant then argued to the court that was in violation of the caution and admonition which the court had given the witnesses not to communicate or talk with each other with respect to testimony given or to be given by them. Further argument followed between counsel for the prosecution and the defendant; the former contending that they had the right to talk with their witnesses, and the latter that counsel for the state had given Ostler information as what had been testified to by the other witness. The court heard them with patience, and then told them to proceed. They proceeded. That is all there is to this. We do not think anything improper was shown, and, though there had, counsel for defendant again asked for no relief nor for any ruling, nor in any manner invoked any action or ruling of the court. After eliciting the information that counsel for the prosecution had told Ostler that there were two brands on the hide, counsel for defendant but argued that that was improper, but in no manner invoked any action or ruling of the court with respect to it.

In their brief counsel say "there are other errors assigned, but they are of minor importance." Nothing more is said about them. There does not seem to be much to this appeal.

Let the judgment be reaffirmed. Such is the order.

McCARTY, C. J., and FRICK, J., concur.